# DISTRICT OF COLUMBIA *v.* COBURN.

STATUTES; REPEAL; FOOD ADULTERATION.

1. While repeals by implication are not favored, where there is a clear re-
   pugnancy between the later and the earlier statute, they cannot stand
   together.  (Following *Weigand* v. *District of Columbia*, 22 App. D. C.
   559.)
2. Sec. 7 of the general act of Congress of June 30, 1906 (34 Stat. at L.
   768, chap. 3915, U. S. Comp. Stat. Supp. 1909, p. 1187), defining when
   an article of food shall' be deemed to be adulterated within the mean-
   ing of the act, supersedes and repeals sec. 3 of the local act of Con-
   gress of February 17, 1898 (30 Stat. at L. 246, chap. 25), covering the
   same subject; and the appropriation in the District of Columbia ap-
   propriation act of May 18, 1910, to enforce the act of February 17,
   1898, merely indicates the intention of Congress to repeal that act
   only to the extent that it was repugnant to the later act.

No. 2132.  Submitted April 14, 1910.  Decided May 26, 1910.

IN ERROR to the Police Court of the District of Columbia.
                               *Judgment affirmed.*

The facts are stated in the opinion.

*Mr. Edward H. Thomas,* Corporation Counsel, for the plain-
tiff in error.

*Mr. Walter A. Johnston* for the defendant in error.

Mr. Justice ROBB delivered the opinion of the Court:

This is a writ of error to the police court of the District of
Columbia, involving the question whether the provision of the
act of February 17th, 1898 (30 Stat. at L. 246, chap. 25),

relating to the sale of adulterated or process butter in the District of Columbia, is superseded by the act of June 30th, 1906 (34 Stat. at L. 768, chap. 3915, U. S. Comp. Stat. Supp. 1909, p. 1187).

On August 25th, 1909, an information against the defendant in error, Henry C. Coburn, was filed in behalf of the District of Columbia, charging the said Coburn with selling, and offering for sale, "a certain adulterated article of food, to wit, butter, contrary to and in violation of the act of Congress approved February 17th, 1898, and constituting a law of the District of Columbia." A motion was made to quash the information, which was granted, whereupon a writ of error was allowed. Sec. 3 of said act of 1898 provides, *inter alia,* that an article of food shall be deemed to be adulterated within the meaning of that act, "if it is colored, coated, polished, or powdered, whereby damage is concealed; *or if it is made to appear better or of greater value than it really is."* Sec. 7 of said act of 1906 provides, *inter alia,* that an article of food shall be deemed to be adulterated *for the purposes of the act,* "if it be *mixed,* colored, coated, or stained in a manner whereby damage or inferiority is concealed."

Process butter is produced from rancid or deteriorated butter, by melting such butter, removing the curd, brine, and scum, blowing air through the butter fat remaining, and then churning the melted fat with an admixture of milk. The mixture is then chilled, ripened, worked, and salted. While the act of 1898 is local in character, and the act of 1906 general, the later act prohibits the sale within the District of Columbia of any article of food *mixed* in a manner whereby damage or inferiority is concealed. Clearly this provision is sufficiently comprehensive to include the offense herein described; and this being the case, we are constrained to hold that it supersedes the provision in the earlier act covering the same subject. While repeals by implication are not favored, where there is a clear repugnancy between the later and the earlier statutes, they cannot subsist together, for that would amount, in a case like the present, to prescribing two rules to govern a single offense.

*Weigand* v. *District of Columbia,* 22 App. D. C. 569. Under the act of 1898, this information was required to be brought in the name of the District of Columbia, and the conviction was punishable by a fine of not less than $5 or more than $100. The act of 1906 requires the prosecution to be brought by the United States Attorney, and the penalty provided in that act is much more severe than the penalty provided in the earlier act. The repugnancy, therefore, of the provisions of the two acts relating to this subject is clearly apparent. It is not likely that the public interests will suffer by this ruling, since the later act apparently affords ample protection against the illegal sale of process butter.

Our attention has been directed to the act of Congress approved May 18th, 1910, entitled "An Act Making Appropriations to Provide for the Expenses of the Government of the District of Columbia for the Fiscal Year," etc., in which an appropriation is made to enforce said act of February 17th, 1898. This appropriation, however, merely indicates that it was the intent of Congress to repeal said act of 1898 only in so far as its provisions were repugnant to the provisions of the later act.

The decision must be affirmed, with costs.         *Affirmed.*